**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **GAIL KEEGAN,** ) | **CASE NO.:** |
| 6258 Cambridge Park Drive ) | |
| Mentor, Ohio 44060 ) | **JUDGE** |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | **Jury Demand Endorsed Hereon** |
| **LAKE-GEAUGA RECOVERY** ) | |
| **CENTERS, INC.,** ) | |
| c/o Melanie Blasko, Its Statutory Agent ) | |
| 9083 Mentor Avenue ) | |
| Mentor, Ohio 44060 ) | |
| ) | |
| and ) | |
| ) | |
| **MELANIE BLASKO,** ) | |
| 6251 Cheryl Place ) | |
| Concord, Ohio 44077 ) | |
| ) | |
| and ) | |
| ) | |
| **JOHN DOES, 1-10,** ) | |
| Names and address currently unknown ) | |
| and undeterminable at this time ) | |
| ) | |
| Defendants. ) | |
| ) | |

Now comes Plaintiff Gail Keegan, by and through undersigned counsel, and for her Complaint against Defendants Lake-Geauga Recovery Centers, Inc., Melanie Blasko, and John Does 1-10 states the following:

**PARTIES**

1.  Plaintiff Gail Keegan is a 67-year old Ohio resident, currently residing at 6258 Cambridge Park Drive, Mentor, OH 44060.

2. Defendant Lake-Geauga Recovery Centers, Inc. (hereinafter "LGRC") is an Ohio non-profit corporation, with more than 50 employees, registered to do business in the State of Ohio with the statutory agent address of 9083 Mentor Avenue, Mentor, OH 44060.

3. Upon information and belief, Defendant Melanie Blasko is the CEO and president of LGRC and resides at 6251 Cheryl Place, Concord, OH 44077.

4. Defendants John Does 1-10 are members of LGRC's board of directors who aided and abetted LGRC and Blasko in committing unlawful discrimination.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§1331 and 1343. Claims are asserted pursuant to the Family Medical Leave Act (§2 et seq., 29 U.S.C. §2601 et seq.). Supplemental state claims are asserted pursuant to 28 §§U.S.C. 2201 and 2202, as well as state statutes and common law.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) as the events that gave rise to this action occurred in Lake County, State of Ohio, which lies within the jurisdictional boundaries of the United States District Court, Northern District of Ohio.

## GENERAL ALLEGATIONS

7. Plaintiff began working for LGRC in October 2013.

8. Throughout the duration of Plaintiff's employment with LGRC, Plaintiff worked as LGRC's Development Officer.

9. Plaintiff's duties as Development Officer included, but were not limited to, fundraising; special event planning; annual appeals; grant writing; website administration; social media administration; maintaining donor records; and coordinating with LGRC's alumni association.

10. Plaintiff's direct supervisor was Blasko.

11. As Development Officer, Plaintiff was one of four employees who were part of LGRC's management team, which also included LGRC's Director of Operations, Director of Finance, and Blasko.

12. Plaintiff eventually had some medical problems with her back towards the end of 2017.

13. Plaintiff originally attempted to have surgery for her back problems in February or March 2018 so that Plaintiff would not miss LGRC's 14th annual golf outing scheduled for the end of June 2018.

14. LGRC's golf outing is considered LGRC's single largest fundraiser each year.

15. Unfortunately, Plaintiff could not have the surgery performed in February or March 2018 because her insurance denied the claim.

16. Plaintiff's insurance eventually allowed the claim.

17. Following Plaintiff's approval of the claim, Plaintiff took leave from April 17, 2018, through July 7, 2018, under the Family Medical Leave Act.

18. Defendants approved Plaintiff's request for FMLA leave.

19. Prior to Plaintiff taking FMLA leave on April 17, 2018, Plaintiff did not have any work issues with anyone else on LGRC's management team or the Board of Directors, nor had Plaintiff received any discipline prior to that time.

20. Upon her return to LGRC following her FMLA leave, Plaintiff noticed a change in the work environment that Plaintiff can best describe as toxic.

21. Upon information and belief, Blasko and John Does 1-10 were upset with Plaintiff for taking FMLA leave in the run-up to LGRC's golf outing.

22. With Plaintiff being on FMLA leave prior to LGRC's golf outing, other employees had to fill in for Plaintiff in order to fulfill her responsibilities for the golf outing.

23. When Plaintiff returned to work after her FMLA leave, she submitted a return to work letter from her doctor.

24. The return to work letter, dated July 6, 2018, recommended that Plaintiff could do her job with certain restrictions, which included not lifting more than 12 pounds; no stooping or twisting; not working more than eight hours a day; and not working more than 5 days in a row.

25. These restrictions were supposed to be effective for two months.

26. Despite these restrictions, Plaintiff would be able to, and could, fully satisfy her job duties.

27. Blasko and John Does 1-10, however, took exception to the restrictions.

28. On the day Plaintiff returned to work, Blasko told Plaintiff that she could never take FMLA leave again and that if she did, she could be fired.

29. Plaintiff later provided Defendants with a new return to work letter, which was dated July 31, 2018.

30. The July 31, 2018, return to work letter replaced all the previous restrictions with a single restriction of not lifting more than 20 pounds.

31. This new restriction was to be effective for three months.

32. This new restriction did not interfere with Plaintiff's ability to do her job.

33. Upon her return to work, Plaintiff had little to no communication with LGRC's Board of Directors, which include John Does 1-10, which was not the situation prior to Plaintiff taking leave.

34. In October 2018, Blasko informed Plaintiff that Plaintiff would no longer be attending management team meetings despite the fact that Plaintiff had been required to do since she was hired in October 2013.

35. Exclusion from the management team meetings hindered Plaintiff's ability to fully perform her duties.

36. For the year that ended on December 31, 2018, Defendants were supposed to conduct an annual performance review of Plaintiff by January 31, 2019.

37. Every previous review Plaintiff had received since October 2013 had been excellent.

38. Defendants never conducted Plaintiff's annual performance for 2018 despite Plaintiff's repeated requests for her review.

39. Instead, Defendants terminated Plaintiff's employment on February 27, 2019, for allegedly sub-par job performance.

40. During the termination meeting, Blasko told Plaintiff that she should not have come back so soon from Plaintiff's surgery.

41. At the time of termination, Plaintiff did not have any discipline on her record and had been meeting her previous goals as defined and detailed in her annual reviews.

42. Upon information and belief, Defendants have filled Plaintiff's position with a substantially younger male.

## COUNT I
## FMLA RETALIATION

43. Plaintiff repeats and alleges paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff availed herself of a protected right under the FMLA by notifying Defendants of her intent to take FMLA leave.

45. Defendants granted Plaintiff's request to take time off on FMLA.

46. Having received Plaintiff's submitted FMLA request, Defendants were aware that Plaintiff had availed herself of a protected right under the FMLA.

47. Upon information and belief, as an employer with more than 50 employees, LGRC is considered an employer subject to the FMLA.

48. Upon her return from FMLA leave, Plaintiff suffered adverse employment actions including, but not limited to, termination.

49. There was a causal connection between Plaintiff's exercise of her FMLA rights and the adverse employment actions described above.

50. As a direct and proximate result of LGRC's FMLA retaliation, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT II
## VIOLATION OF R.C. 4112.02 – DISABILITY DISCRIMINATION

51. Plaintiff repeats and alleges paragraphs 1 through 50 as though fully set forth herein.

52. Defendants regarded Plaintiff as being disabled due to her health issues regarding her back and her medical restrictions.

53. Defendants took an adverse action in terminating Plaintiff at least in part due to regarding her as disabled.

54. Despite her medical restrictions, Plaintiff was qualified for her position and could safely do the essential functions of her job.

55. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT III
## VIOLATION OF R.C. 4112.14(A) – AGE DISCRIMINATION

56. Plaintiff repeats and alleges paragraphs 1 through 55 as though fully set forth herein.

57. Plaintiff is over the age of 40.

58. Plaintiff's age places her in a protected class.

59. Defendants terminated Plaintiff, at least in part, because of her age.

60. Plaintiff was qualified for her position.

61. Defendants replaced Plaintiff with a substantially younger employee.

62. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT IV
## VIOLATION OF R.C. 4112.02 – GENDER DISCRIMINATION

63. Plaintiff repeats and alleges paragraphs 1 through 62 as though fully set forth herein.

64. Plaintiff's gender is part of the protected class of persons under Chapter 4112 of the Ohio Revised Code.

65. Defendants took an adverse action in terminating Plaintiff at least in part due to her gender.

66. Defendants replaced Plaintiff with a male employee.

67. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT V
## VIOLATION OF R.C. 4112 – AIDING AND ABETTING UNLAWFUL PRACTICE

68. Plaintiff repeats and alleges paragraphs 1 through 67 as though fully set forth herein.

69. Defendants Blasko and John Does 1-10 aided, abetted, incited, compelled and coerced LGRC in the performance of acts that constituted unlawful discriminatory practices as enumerated herein and in Ohio Revised Code Chapter 4112.

70. To wit, Blasko and John Does 1-10 facilitated Plaintiff's termination process which began following Plaintiff's return to work following FMLA leave and remained involved until the day Defendants eventually terminated Plaintiff on February 27, 2019.

71. Blasko and John Does 1-10 obstructed and prevented LGRC and its agents from complying with Ohio Revised Code Chapter 4112.

72. Blasko and John Does 1-10 attempted, directly and indirectly, to commit acts declared by Ohio Revised Code Chapter 4112 to be unlawful discriminatory practices.

73. As a direct and proximate result of the conduct of Blasko and John Does 1-10, Plaintiff has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants accordingly:

A.) **Count I – FMLA Retaliation:** The Court grants judgment for Plaintiff and against Defendant LGRC in an amount to be determined at trial, plus punitive damages, statutory interest, costs, attorney fees, and other expenses incurred such that Plaintiff is made whole;

B.) **Count II – Violation Of R.C. 4112.02(A) – Disability Discrimination:** The Court grants judgment for Plaintiff and against Defendants jointly and severally in an amount to be determined at trial, plus punitive damages, statutory interest, costs, attorney fees, and other expenses incurred such that Plaintiff is made whole;

C.) **Count III – Violation Of R.C. 4112.14 – Age Discrimination:** The Court grants judgment in Plaintiff's favor and against Defendants jointly and severally in an amount to be determined at trial, plus punitive damages, attorney fees, statutory interest, costs, and other expenses incurred such that Plaintiff is made whole;

D.) **Count II – Violation Of R.C. 4112.02(A) – Gender Discrimination:** The Court grants judgment for Plaintiff and against Defendants jointly and severally in an amount to be determined at trial, plus punitive damages, statutory interest, costs, attorney fees, and other expenses incurred such that Plaintiff is made whole;

E.) **Count V – Violation of R.C. 4112, Aiding and Abetting:** The Court grants judgment against Defendants Blasko and John Does 1-10 jointly and severally in an amount to be determined at trial, plus punitive damages, attorney fees, statutory interest, costs, and other expenses incurred such that Plaintiff is made whole; and

F.) For any other relief that the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a jury trial for all causes of action.

Respectfully submitted,

/s/ Matthew B. Abens
MATTHEW B. ABENS (0075308)
DAVID L. HARVEY III (0080918)
JASON T. HARTZELL (0092458)
Harvey Abens Iosue Co., LPA
3404 Lorain Avenue
Cleveland, Ohio 44113
Phone: (216) 651-0256
Fax:     (216) 651-1131
mbabens@harvlaw.com
dvdharv@harvlaw.com
jhartzell@harvlaw.com

*Counsel for Plaintiff*